**D'ARCY JOHNSON DAY, P.C.**
Andrew J. D'Arcy, Esq. (Bar No. 044811996)
AD@DJD.LAW
Patrick T. D'Arcy, Esq. (Bar No. 036251988)
PD@DJD.LAW
3120 Fire Road; Suite 100
Egg Harbor Twp., New Jersey 08234
Telephone: 609-641-6200
**Attorneys for Plaintiff**

| | |
|---|---|
| **KATONYA PATTERSON,**<br><br>Plaintiff,<br><br>vs.<br><br>**CUMBERLAND COUNTY, CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, RYAN AUBEROWSKI, CARL RAINEAR, SHANE DEMBY, MICHAEL RUSSELL, and JOHN DOE OFFICERS 1-4,**<br><br>Defendants. | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE<br><br>Civil Action<br><br>Case No.:<br><br>**COMPLAINT & JURY DEMAND** |

Plaintiff Katonya Patterson, by and through her attorneys, D'Arcy Johnson Day, P.C., upon information and belief, at all times hereinafter mentioned, allege as follows:

## PARTIES

1.     Plaintiff Katonya Patterson, is a citizen of the United States, a citizen and resident of the State of New Jersey, and currently resides in Millville, Cumberland County, New Jersey.

2.     On information and belief, Defendants Ryan Auberowski, Michael Russell, Carl Ranier, and Shane Demby were employed by the Cumberland County Jail located 54 W. Broad Street, Bridgeton, New Jersey and/or Cumberland County Sherriff's Department located at 220 N. Laurel Street, Bridgeton, New Jersey, as corrections officers and/or supervisors at varying times between the years 1997-2014.  These officer defendants will be collectively referred to hereafter as "Defendant Officers".

1

3.      Defendants Cumberland County and Cumberland County Sherriff's Department are public entities and duly existed and are incorporated under the laws of the State of New Jersey and were responsible for the operation, administration, and management of the Cumberland County Jail.

4.      Plaintiff Katonya Patterson was at various times from 1997-2014 confined to the Cumberland County Jail as an inmate.

5.      Defendants Ryan Auberowski, Michael Russell, Carl Ranier, Shane Demby, Cumberland County and Cumberland County Sherriff's Department shall be collectively referred to as "Defendants."

6.      John Doe Officers 1-4 represent the names of corrections officers at the Cumberland County Jail during the years of 1997-2014 who have been identified herein as "Defendant Officers", but whose names may be misspelled or otherwise incorrect due to the lack of information publicly available to Plaintiff at this time despite a good faith effort to recall same and in light of the number of years that have transpired since the actions that give rise to this Complaint took place.

## JURISDICTION AND VENUE

7.      This is a civil rights action for deprivation of constitutional rights under color of state law, brought pursuant to 42 U.S.C. §1983, together with pendent state law claims.

8.      Plaintiff alleges violations of her Eight and Fourteenth Amendment rights of the U.S. Constitution and files this action pursuant to 42 U.S.C. § 1983.

9.      Plaintiff was forced to engage in non-consensual sexual acts with the Defendant Officers in violation of her constitutional rights and 42 U.S.C. § 1983.

10.     The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331, as an action arising under the Constitution of the United States, 28 U.S.C. §1342(a)(3), to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, and over Plaintiff's pendent state claims under 28 U.S.C. §1367.

11.      Additionally, Plaintiff was discriminated against due to her gender in a place of public accommodation in violation of New Jersey's Law Against Discrimination N.J.S.A. 10:5-1, *et seq*.

12.     The Court has authority to award costs and attorney's fees pursuant to 42 U.S.C. §1988.

13.     Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. §1391(b), because upon information and belief all defendants resided in this district at the relevant times in question, and the events giving rise to this claim occurred in this district.

14.     This action is brought under the two year statute of limitations window provided by N.J.S.A. 2A:14-2b (as amended December 1, 2019).

## FACTUAL BACKGROUND

15.     Katonya Patterson ("Plaintiff") is a 51 year old female who has had problems with addiction resulting in various criminal offenses causing her to be incarcerated in the Cumberland County Jail on many occasions over the years 1997-2014.

16.     While in the jail and in periods when she was outside the jail, Plaintiff was subjected to conditions that violated her Eighth Amendment right against cruel and unusual punishment as well as her Fourteenth Amendment right to substantive due process.

17.     Plaintiff's rights were violated on numerous occasions when the Defendant Officers forced Plaintiff to engage in numerous non-consensual sexual acts both while in and out of the Cumberland County Jail.

18.     There were various desirable jobs available for the female inmates as well as other forms of favorable treatment which were available to the female inmates.

19.     The Defendant Officers offered and/or provided access to these favorable forms of treatment to Plaintiff while she was incarcerated and they demanded sexual favors from her in exchange for same.

20.     These acts took place not only while Plaintiff was incarcerated but also at times when she was out of jail or while she was on probation.

21.     These acts ranged from sexually graphic verbal communications, abusive touching, oral sex, and sexual intercourse.

22.     Defendant Officers made Plaintiff feel she could not say no to them lest she suffer less favorable treatment and/or abuse, taking full advantage of their position of authority over Plaintiff, a female inmate, and her known vulnerabilities.

23.     Plaintiff lived in fear of what would happen to her if she refused the Defendant Officers' sexual demands.

24.     Plaintiff's addiction and legal problems allowed the Defendant Officers to know, and for Plaintiff to understand, that even if she were not incarcerated, that it was highly likely she would again be incarcerated in the near future and would again be subject to the authority of the Defendant Officers. As such, Plaintiff's fear of unfavorable treatment at the hands of, and at the direction of, one or more of the Defendant Officers continued even while she was outside the jail.

25.     Defendant Officers took advantage of, and preyed upon, Plaintiff's fears and used same to continue to coerce her participation in sexual acts with them.

26.     During all relevant times, the Defendant Officers were employed as corrections officers and/or supervisors in the Cumberland County Sherriff's Office in Cumberland County and acted under color of state law.

27.     Defendant Officers therefore used their positions of power, authority, and influence as corrections officers and/or supervisors, and by way of intimidation, threat, harassment, coercion, and promises, did coerce Plaintiff into non-consensual sexual acts with them.

28.     On various occasions over the years, the Defendant Officers would use the same pretext to separate Plaintiff from the woman's "Pod" or otherwise claim to be escorting her to assigned work areas and would verbally harass Plaintiff with sexually graphic communications, and/or inappropriately touch Plaintiff, and/or have forced sexual intercourse with her and/or forced oral sex at various locations throughout the jail.

29.     During all relevant times herein, the Defendant Officers relied on force and intimidation and the knowledge that Plaintiff desired favorable treatment as a method of survival while inside the jail and would in all likelihood return to the jail once released, so as to coerce her into forced sexual acts with them.

30.     There were other occasions where Plaintiff was not incarcerated but was nonetheless contacted by Defendant Demby and was coerced to have sexual intercourse or oral sex with him.

31.     During all these relevant times, Defendant Demby relied on the fear of Plaintiff as to her potential treatment if incarcerated again to coerce and force her into sexual acts outside of the jail.

32.     On some occasions, Defendant Demby actively came to her house or her sister's home demanding sexual acts. On other occasions, Defendant Demby would have Plaintiff meet him at other places. At all relevant times, Defendant Demby was using his authority and power as a Corrections Officer at the Cumberland County Jail to coerce Plaintiff to complying with his demands.

33.     Throughout these times, Plaintiff was afraid of how she would be treated if she refused Defendant Demby's demands. On other occasions, she was offered money which she needed due to her addictions which Defendant Demby and the other Defendant Officers knew was a disease from which Plaintiff suffered.

34.     On numerous occasions in the jail, the Defendant Officers would exploit areas of the jail without cameras to complete their unwanted and coerced acts on Plaintiff.

35.     Each instance of sexual contact with Plaintiff by the Defendant Officers constitutes an act of unlawful sexual assault in violation of N.J.S.A. 2C:14-2(c).

## COUNT ONE

*Deprivation of Eighth Amendment Rights and Violation of 42 U.S.C. § 1983
as against Defendant Officers*

36.      Plaintiff repeats and incorporates all the prior facts and prior paragraphs as if explained in full herein.

37.     While confined in the Cumberland County Jail, Plaintiff had an Eighth Amendment right to be free from cruel and unusual punishment, to be secure in her bodily integrity, and to be free from attack by prison guards.

38.     That Eighth Amendment right should have protected her from willful and deliberate harm that offended human dignity at the hands of corrections officers.

39.     Instead, the Defendant Officers sexually assaulted Plaintiff on numerous occasions while acting under color of state law. The conduct of these Defendant Officers was intentional, deliberate, and designed to cause Plaintiff harm which in fact also offended human dignity and basic decency.

40.     As a result, Defendant Officers either individually, or in concert, deprived Plaintiff of her Eighth Amendment rights in violation of 42 U.S.C. § 1983.

41.     As a result of the intentional and/or malicious acts and/or acts of willful indifference of Defendants, Plaintiff suffered physical and emotional harm, embarrassment and psychological injuries.

42.     The intentional and malicious nature of the Defendants' actions justify the imposition of punitive damages.

## COUNT TWO

*Deprivation of Eighth Amendment Rights and Violation of 42 U.S.C. § 1983 as against Defendant Cumberland County and Defendant Cumberland County Sheriff's Department*

43.     Plaintiff repeats and incorporates all the prior facts and paragraphs as though set forth herein at length.

44.     The aforesaid acts of sexual assault were allowed to occur because Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department failed to properly train, supervise and/or manage their employees on protecting the constitutional rights of inmates.

45.     Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department failed to properly train and implement their officers on adhering to rules and regulations meant to prevent fraternization between officers and inmates, prevent sexual assaults of inmates by officers, and failed to train their officers not to abuse their power of authority.

46.     Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department failed to enforce the policy that no male corrections officer should be left alone with any female inmate nor be allowed to harass and abuse any female inmate.

47.     There were various broken security cameras which Defendant Cumberland County and Defendant Cumberland County Sheriff's Department knew or should have known about, yet did nothing to fix these security cameras, thereby allowing these horrific acts to occur without fear of video evidence.

48.     By routinely and systematically disregarding and/or failing to enforce policies and/or failing to train individual employees, Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department failed to prevent these horrific acts from occurring to Plaintiff, leading to the deprivation of Plaintiff's constitutional rights and the damages she sustained.

49.     Defendant Cumberland County and Defendant Cumberland County Sheriff's Department had actual knowledge that the Defendant Officers committed the aforesaid acts of sexual assault upon Plaintiff and that Plaintiff was at a substantial risk of serious harm because of the conduct of the Defendant Officers. Despite this knowledge, Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department failed to protect Plaintiff from the conduct of the Defendant Officers and, in doing so, acted with deliberate indifference to the excessive risk of harm posed to Plaintiff.

50.     Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department additionally made a deliberate and conscious choice to refrain from training, supervising, and disciplining the Defendant Officers such that permitting and allowing Defendant Officers to engage in sexual acts with inmates became the officially accepted policy,

custom, and practice of Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department and/or its employees.

51.     At all relevant times, Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department permitted, encouraged, tolerated and ratified a pattern and practice of unreasonable and illegal behavior by its correction officers, including the Defendant Officers, who routinely sexually harassed and sexually assaulted female inmates, including Plaintiff, whom they encountered in their roles as corrections officers at the Cumberland County Jail.

52.     Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department refused to investigate complaints of sexual harassment and sexual assault by corrections officers at the Cumberland County Jail, including the Defendant Officers, made by female inmates.

53.      By means of both action and inaction and cover-up of such wrongful actions by corrections officers, including the Defendant Officers, relating to complaints of sexual harassment and sexual assault of female inmates, including Plaintiff, Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department encouraged its correction officers, including the Defendant Officers, to believe that this type of sexual impropriety was permissible.

54.     The foregoing acts, omissions, and systemic failures are customs and polices of Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department which caused corrections officers, including the Defendant Officers, to believe that sexual harassment and sexual assault of inmates, and sexual contact with inmates, was within their discretion and that complaints of sexual harassment or sexual assault would not be honestly or properly investigated, such that it was foreseeable to Defendant Cumberland County and/or

Defendant Cumberland County Sheriff's Department that corrections officers, including the Defendant Officers, would likely continue to engage in impermissible sexual interactions with inmates, including Plaintiff.

55.     As a direct and proximate cause of the aforesaid acts, omission, policies and customs of Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department, the Defendant Officers sexually assaulted Plaintiff on numerous occasions while acting under color of state law.

56.     As a result of the aforesaid, Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department deprived Plaintiff of her Eighth Amendment rights in violation of 42 U.S.C. § 1983.

57.     As a result of the intentional and/or malicious acts and/or acts of willful indifference of Defendants, Plaintiff suffered physical and emotional harm, embarrassment and psychological injuries.

58.     The intentional and malicious nature of the Defendants' actions justify the imposition of punitive damages.

## COUNT THREE

*Deprivation of Fourteenth Amendment Rights in Violation of 42 U.S.C. § 1983*

59.     Plaintiff repeats and incorporates all the prior facts and paragraphs as though set forth herein at length.

60.     While confined in jail and also on occasions when outside the jail, Plaintiff had a constitutional right to be free from arbitrary and capricious use of power in violation of the substantive due process clause of the Fourteenth Amendment.

61.     As a result of the actions of Defendants, Defendant Officers abused their power and authority based on an influence over Plaintiff in an arbitrary and capricious way thereby depriving Plaintiff of her Fourteenth Amendment substantive due process rights and therefore, have caused insufferable harm to Plaintiff.

62.     Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department systematically failed to properly supervise and/or train and/or manage their employees and failed to enforce policies that were in effect because of the Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department failure to properly supervise its employees and/or enact and/or enforce policies and/or train its staff, resulting in Defendant Officers being able to sexually harass, assault and abuse Plaintiff without fear of being reprimanded and/or otherwise being exposed for these illegal and improper acts.

63.     Upon information and belief, during the time in question, one or more of the Defendant Officers were promoted to levels of supervising power in the Corrections Department at the Cumberland County Jail and therefore, were aware of the need for more training and supervision of employee and enforcement and/or enactment of policies and protocols, but he/they failed to properly take any corrective action to safeguard inmates such as Plaintiff and actually took part in the sexual assault and abuse, himself/themselves, thereby depriving Plaintiff of her constitutional rights.

64.     As a result of the intentional and/or malicious acts and/or acts of willful indifference of Defendants, Plaintiff suffered physical and emotional harm, embarrassment and psychological injuries.

65.     The intentional and malicious nature of the Defendants' actions justify the imposition of punitive damages.

## COUNT FOUR

*Deprivation of Eighth Amendment Rights in Violation of New Jersey Civil Rights Act*

66.     Plaintiff repeats and incorporates all the prior facts and paragraphs as if stated in full herein.

67.     While confined in Cumberland County Jail, Plaintiff enjoyed an Eighth Amendment Right to be free from cruel and usual punishment; unfortunately, she was deprived of this right in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, et seq. ("NJCRA"), among other statutes, rights and laws.

68.     Plaintiff's Eighth Amendment right should have protected her from the conduct and actions of the Defendant Officers that offended her human dignity and allowed for sexual assaults which were intentional, deliberate and designed to cause harm.

69.     This harm was allowed to occur because of the willful indifference of Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department as previously stated by their failure to properly, train, manage and/or supervise their employees and/or their policies or protocols.

70.     With the proper supervision and oversight and training, Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department would have detected the constitutional violations of inmates and would have been able to prevent and stop them.  Instead, their actions and/or inaction caused the deprivation of Plaintiff's rights in violation of the NJCRA.

71.     As a result of the intentional and/or malicious acts and/or acts of willful indifference of Defendants, Plaintiff suffered physical and emotional harm, embarrassment and psychological injuries.

72.     The intentional and malicious nature of the Defendants' actions justify the imposition of punitive damages.

## COUNT FIVE

*Deprivation of Fourteenth Amendment Rights in Violation of New Jersey Civil Rights Act*

73.     Plaintiff repeats and incorporates all the prior facts and all the prior paragraphs as if set forth at length.

74.     While confined in Cumberland County Jail, Plaintiff had a constitutional right to be free from arbitrary and capricious use of power and violation of the substantive due process clause of the Fourteenth Amendment.

75.     As a result of the sexual assaults and the power over her asserted by the Defendant Officers, Plaintiff was subjected to an arbitrary and capricious use and abuse of power against her, causing her to suffer harm.

76.     The willful indifference of Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department to enforce and/or enact appropriate policies and protocols, clearly contributed to and caused harm to Plaintiff.

77.     As a result, each Defendant deprived Plaintiff of her constitutional rights and/or conspired with any and/or all other Defendants to deprive Plaintiff of her constitutional rights.

78.     As a result of the intentional and/or malicious acts and/or acts of willful indifference of Defendants, Plaintiff suffered physical and emotional harm, embarrassment and psychological injuries.

79.     The intentional and malicious nature of the Defendants' actions justifies the imposition of punitive damages.

## COUNT SIX

*Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-14*

80.     Plaintiff repeats and incorporates all the prior facts and all the paragraphs as if set forth at length.

81.     Plaintiff as a female is in a protected class under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-14, and as a result has a right to be free from harassment and discrimination on the basis of her gender in places of public accommodation. Plaintiff was subject to repeated sexual harassment and abuse and assault, coercing plaintiff into nonconsensual sex acts with the Defendants Officers while she was incarcerated, none of which would have occurred but for her gender.

82.     This conduct of the Defendants, while in a place of public accommodation, created a hostile environment for plaintiff on the basis of her gender, in violation of NJLAD.

83.     This conduct was severe and pervasive and was allowed to occur because the Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department failed to provide a safe and harassment-free environment despite any sexual harassment policy it may have had on paper.

84.     With reasonable diligence Defendant Cumberland County and/or Defendant Cumberland County Sheriff's Department would have prevented the abuse of Plaintiff from ever happening or in the alternative detected it and stopped it.  Instead, the jail was a hostile environment for female inmates, including Plaintiff.

85.     Plaintiff suffered severe and traumatic psychological harm and physical injuries because of the sexual harassment, assault and abuse she was subjected to and continues to suffer from emotional harm and damages at this time.

86.     The intentional acts, recklessness and willful indifference of Defendants justify

the imposition of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants Ryan Auberowski, Michael Russell, Carl Ranier, Shane Demby, Cumberland County, Cumberland County Sherriff's Department and John Doe Officers 1-4, on each of the above-referenced claims and Causes of Action and as follows:

1. Awarding Plaintiff compensatory damages for past and future loss, including but not limited to pain and suffering for severe and permanent physical and psychological injuries.

2. Awarding Plaintiff punitive damages for the wanton, willful, malicious and reckless acts of the Defendants, who demonstrated a complete disregard and reckless indifference for the safety and welfare of Plaintiff in an amount sufficient to punish Defendants and deter future similar conduct.

3. Awarding Plaintiff compensatory damages, interest, cost of suit, equitable relief and any and all relief provided to the Plaintiff pursuant to 42 U.S.C. § 1983, including attorneys' fees, punitive damages and other relief which the Court deems just.

4. Awarding Plaintiff compensatory damages, interest, cost of suit, equitable relief and any and all relief provided to the plaintiff pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, et seq., including attorneys' fees, punitive damages and other relief which the Court deems just.

5. Awarding Plaintiff compensatory damages, interest, cost of suit, equitable relief and any and all relief provided to the plaintiff pursuant to New Jersey Law Against

Discrimination ("NJLAD"), <u>N.J.S.A.</u> 10:5-14, including compensatory damages, attorneys' fees, punitive damages and other relief which the Court deems just.

6. Awarding Plaintiff such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil procedure, demand is hereby made for trial by jury on all issues raised by these pleadings.

**D'ARCY JOHNSON DAY, P.C.**
Attorneys for Plaintiff

BY:    /s/Andrew J. D'Arcy
Dated:  11-19-21                          Andrew J. D'Arcy

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Andrew J. D'Arcy, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

**D'ARCY JOHNSON DAY, P.C.**
Attorneys for Plaintiff

BY:    /s/Andrew J. D'Arcy
Dated:  11-19-21                          Andrew J. D'Arcy