UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATONYA PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>CUMBERLAND COUNTY, et al.,<br><br>Defendants. | Civil Action<br>No. 21-20257 (CPO) (EAP)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Before the Court is Cumberland County and the Cumberland County Sherriff's Department's (hereinafter collectively "the County") motion to dismiss the claims against them, under Counts II and III, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) For the following reasons, the Court will grant the motion to dismiss, dismiss Counts II and III for failure to state a claim, *sua sponte* dismiss without prejudice the remainder of Plaintiff's § 1983 claims, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### I.   BACKGROUND[1]

This case arises from Plaintiff's incarceration at "the Cumberland County Jail on many occasions over the years 1997–2014." (ECF No. 1, ¶ 15.) According to Plaintiff, during that time period, Defendants Ryan Auberowski, Michael Russell, Carl Ranier, Shane Demby, and John Doe Officers 1–4 (collectively, "Defendant Officers"), "forced Plaintiff to engage in numerous non-consensual sexual acts both while in and out of the Cumberland County Jail." (*Id*. ¶¶ 2, 6, 16.) The Defendant Officers, who worked as corrections or sheriff's officers, offered, or provided access to favorable treatment to Plaintiff in exchange for sexual favors. (*Id*. ¶¶ 18–20.) These acts took

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this Opinion only. The Court has made no findings as to the veracity of Plaintiff's allegations.

place "not only while Plaintiff was incarcerated but also at times when she was out of jail or while she was on probation." (*Id.* ¶ 20.)

Approximately seven years later, on November 30, 2021, Plaintiff filed the instant Complaint, alleging that Defendants violated her rights under the Eighth and Fourteenth Amendments, and raising various state law claims. The County filed a motion to dismiss the claims against it, under Counts II and III, pursuant to Rule 12(b)(6), (ECF No. 12), Plaintiff filed an Opposition, (ECF No. 14), and the County filed a Reply, (ECF No. 15).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

### III.  DISCUSSION

Under Counts II and III, Plaintiff raises claims against the County pursuant to 42 U.S.C. § 1983.  To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation.  *West v. Atkins*, 487 U.S. 42, 48 (1988).   Plaintiff alleges that all of the Defendants violated her rights under the Eighth and Fourteenth Amendments.

#### A.  Statute of Limitations

In its motion, the County contends that the statute of limitations bars Plaintiff's § 1983 claims, as Plaintiff did not file her Complaint until many years after the two-year limitations period had expired. (ECF No. 12, at 10–11.)  In response, Plaintiff contends that the New Jersey Legislature "created a two-year window" to file civil actions resulting from the commission of a sexual assault, crime, or abuse, that were otherwise barred due to the statute of limitations. (ECF No. 14, at 5–6.)   Plaintiff refers to N.J. Stat. § 2A:14-2b(a), which provides:

> Notwithstanding the statute of limitations provisions of N.J.S. 2A:14-2, section 2 of P.L.2019, c. 120 (C.2A:14-2a), section 1 of P.L.1964, c. 214 (C.2A:14-2.1), or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c. 7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c. 109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c. 120 (C.2A:14-2a et al.), and *which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.*

N.J. Stat. § 2A:14-2b(a) (emphasis added).

3

Although § 1983 provides a federal cause of action, § 1983 borrows the statute of limitations from the laws of the state in which the action arose. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). However, while state law provides the applicable statute of limitations, federal law controls when that the statute of limitations begins to accrue. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Federal law instructs that a § 1983 action begins to run when a plaintiff knows of or has reason to know of the injury. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Significantly, accrual does not depend on whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *See Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F.Supp.2d 477, 484 (W.D. Pa. 2011), *aff'd*, 504 F. App'x 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634.

In the past, an issue often arose as to which of a state's several potentially applicable statutes of limitations should apply. This occurred because § 1983 contains no limitations period, so federal courts have borrowed "an appropriate statute of limitations from state law." *Gavin v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*, No. 20-9191, 2021 WL 1050364, at *4 (D.N.J. Mar. 18, 2021).

The relevant Supreme Court case on the issue is *Owens v. Okure*, 488 U.S. 235 (1989). In that case, the Court faced "a choice between two potentially applicable statutes of limitations: (a) New York's specialized statute of limitations for eight specified intentional torts, or (b) its general statute of limitations for personal-injury claims." *Gavin*, 2021 WL 1050364, at *4 (citing *Owens*,

488 U.S. at 237).  Due to the wide variety of limitations periods between states, the Court emphasized "the need for uniformity." (*Id.*)

Prior to *Owens*, the result often "had less to do with the general nature of § 1983 relief than with counsel's artful pleading and ability to persuade the court that the facts and legal theories of a particular § 1983 claim resembled a particular common-law or statutory cause of action." *Owens*, 488 U.S. at 240.  "Consequently, plaintiffs and defendants often had no idea whether a federal civil rights claim was barred until a court ruled on their case." *Id*. ("Predictability, a primary goal of statutes of limitations, was thereby frustrated.").

As a result, the Supreme Court "rejected the notion that courts should mix and match, borrowing the state limitations period for the tort most analogous to each of the federal-law claims." *Gavin*, 2021 WL 1050364, at *4 (citing *Owens*, 488 U.S. at 237).  In other words, because of the many "state intentional tort statutes of limitations," the Supreme Court "expressly rejected the practice of drawing narrow analogies between § 1983 claims and state causes of action." *Owens*, 488 U.S. at 245–48; *Gavin*, 2021 WL 1050364, at *4 ("[T]he Supreme Court has abandoned the idea that the federal § 1983 limitation period will differ based on the theory of injury.").

Consequently, the Supreme Court adopted a practical and predictable rule, and held that courts should apply a state's residual or general personal injury statute of limitations to all § 1983 claims.  *Owens*, 488 U.S. at 243–50; *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015); *Gavin*, 2021 WL 1050364, at *4; *see also T.M. v. Cnty. of Union, New Jersey*, No. 21-20268, 2021 WL 5822940, at *2 (D.N.J. Dec. 8, 2021).

Applying those principles, in the *Gavin* case, Judge McNulty recently addressed  N.J. Stat. § 2A:14-2a(a)(1), a statute similar to the one in the present case.  Under that statute, the New Jersey

5

Legislature expanded the statute of limitations for any injury resulting from a sexual assault, sexual crime, prohibited sexual act, or sexual abuse against a minor, to "within 37 years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later." *Gavin*, 2021 WL 1050364, at *3 (quoting N.J. Stat. § 2A:14-2a(a)(1)). Judge McNulty observed that:

> In the three decades since *Owens*, multiple states have extended the limitation period for sexual-assault claims. The federal Courts of Appeals, citing *Owens*, have uniformly held that such specialized limitation periods do not apply to federal claims. Instead, they have continued to apply the applicable state's general personal-injury statute of limitations. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015); *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768–69 (7th Cir. 2013); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579–80 (9th Cir. 2012); *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993).

*Gavin*, 2021 WL 1050364, at *4. After applying *Owens*, Judge McNulty held that "New Jersey's two-year limitations period continues to apply to Gavin's federal claims, despite New Jersey's subsequent enactment of a longer period for sexual-assault claims like his." *Id*. at *5. Additionally, in *dicta*, Judge McNulty rejected the notion that the catch-all provision in the present case, N.J. Stat. § 2A:14-2b(a) would save Gavin's claims, reasoning that the general personal-injury limitations period would still apply. *Id*. at *3 n.4. As Judge McNulty opined, "New Jersey's decision to extend the statute of limitations for cases of sexual[] assault . . . may well be good policy. It applies, however, only to state, not federal claims." *Id*. at *5.

Returning to the present case, this Court agrees with Judge McNulty's reasoning and finds that *Owens* precludes the application of any "specialized extended limitations period," such as N.J. Stat. § 2A:14-2b(a), to Plaintiff's § 1983 claims. *T.M.*, 2021 WL 5822940, at *2 (citing *Gavin*, 2021 WL 1050364, at *3–5). Plaintiff attempts to distinguish *Owens*, arguing that it does not apply to "look back" provisions, which reopen the statute of limitations. (ECF No. 14, at 7–8.)

6

Such an argument ignores the fact that in order to qualify for that "look back" provision, this Court would have to analogize Plaintiff's § 1983 claims to sexual assault claims under N.J. Stat. § 2A:14-2b(a).  In urging this Court "to analogize [her] federal claims to state claims involving sexual assault," Plaintiff is asking the Court "to employ precisely the practice that the Supreme Court rejected in . . . *Owens*."  *King-White*, 803 F.3d at 761.

Consequently, New Jersey's general two-year limitations period still applies to the § 1983 claims in this case.  In turn, because the events in the Complaint transpired seven or more years ago, and Plaintiff was clearly aware of her injuries as they occurred, the statute of limitations bars Plaintiff from pursuing her § 1983 claims.  Accordingly, the Court will grant the County's motion and dismiss without prejudice[2] Counts II and III of the Complaint.  Additionally, for substantially the same reasons, pursuant 28 U.S.C. § 1915A, the Court will *sua sponte* dismiss without prejudice the remainder of Plaintiff's § 1983 claims, *i.e.*, Plaintiff's § 1983 claims against the Defendant Officers.

Finally, as no federal claims remain in this case, the Court must decide whether it has jurisdiction over Plaintiff's remaining state law claims.  As the parties are not diverse of citizenship, the only potential basis for subject matter jurisdiction would be supplemental jurisdiction under 28 U.S.C. § 1367.  A court may, however, "decline to exercise supplemental jurisdiction over a claim" where the court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  Further, the Third Circuit has held that "a district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges*

---

[2] As Plaintiff could theoretically attempt to plead that she is entitled to some form of tolling of the statute of limitations, the Court's dismissal will be without prejudice at this time.

*v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (quoting *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995)); *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (holding that "pendent jurisdiction should be declined where the federal claims are no longer viable, absent extraordinary circumstances" (internal quotation marks omitted)).

This Court finds that no such extraordinary circumstances, or considerations of judicial economy and convenience, or fairness, are present here. This case is in its earliest stages, at the motion to dismiss stage, and discovery has not yet begun. Nor is there any particular unfairness or procedural disadvantage to having a state court hear Plaintiff's state-law claims. Accordingly, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges*, 204 F.3d at 123.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant the County's motion to dismiss, dismiss without prejudice Counts II and III, *sua sponte* dismiss the remainder of Plaintiff's § 1983 claims, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate Order follows.

Dated:  October 6, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**